```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

ALVIN F. HINDELANG                              CIVIL ACTION

VERSUS                                          NO: 07-1004

TRAVELERS CASUALTY & SURETY                     SECTION: "A" (2)
CO.
```

### ORDER

Before the Court is a **Motion to Remand and for Award of Attorney Fees (Rec. Doc. 5)** filed by plaintiff Alvin Hindelang. Defendant Standard Fire Insurance Co, incorrectly referred to in the state court petition as Travelers Casualty & Surety Co., opposes the motion. The motion, set for hearing on April 4, 2007, is before the Court on the briefs without oral argument. For the reasons that follow the motion is **GRANTED**.

### I.   BACKGROUND

Plaintiff initiated this suit in state court against Standard Fire Insurance Co. ("Standard"). Plaintiff alleges that his immovable property located in Gretna, Louisiana sustained severe wind damage during Hurricane Katrina. Plaintiff alleges that Standard has in bad faith denied his claim. Plaintiff seeks payment of his damages as well as statutory penalties and attorney's fees under Louisiana law. La. R.S. § 22:658; La. R.S.

§ 22:1220.

Standard removed the suit alleging jurisdiction under 28 U.S.C. § 1332, diversity jurisdiction.

Plaintiff moves to remand the case to state court. Plaintiff argues that Standard has failed in its burden of establishing that the amount in controversy exceeds $75,000.

## II.  DISCUSSION

It is well-established that the party invoking the jurisdiction of a federal court has the burden of proving that the exercise of such jurisdiction is proper.  In re North American Philips Corp., 1991 WL 40259, at *2 (5th Cir. 1991). In a removal case, the removing party bears that burden, a burden unaffected by the status of discovery, the number of plaintiffs, or any problems created by state law.  Id.  Any doubt regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction and in favor of remand.  Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000) (citing Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir.1988)).

In Luckett v. Delta Airlines, Inc., the Fifth Circuit summarized the analytical framework for determining whether the amount in controversy requirement is met in cases removed from Louisiana state courts where specific allegations as to damage quantum are not allowed.  171 F.3d 295, 298 (5th Cir. 1999). In

2

such cases, the removing defendant, as the party invoking the federal court's jurisdiction, bears the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.  <u>Id.</u> (citing <u>De Aguilar v. Boeing Co.</u>, 11 F.3d 55, 58 (5th Cir. 1993)).  As the Fifth Circuit explained:

> The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.

<u>Id.</u> (citing <u>Allen v. R & H Oil & Gas Co.</u>, 63 F.3d 1326, 1335 (5th Cir. 1995)).

In the instant case there is no disputing that the amount in controversy is not facially apparent from Plaintiff's petition. Adjectives such as "severe" and "significant" are often used loosely in pleading causes so they are not particularly probative of federal jurisdiction.  The petition offers no specifics whatsoever that would allow the Court to remotely estimate a quantum for Plaintiff's claim.  Plaintiff does seek numerous elements of damages, including statutory penalties and attorney's fees, but these potential awards will be based on Plaintiff's underlying claim for damages.  A claim for penalties and attorney's fees does not ipso facto render a case removable to federal court. Again, the petition gives the Court no basis to conclude that the amount in controversy exceeds $75,000.

The Court now turns its attention to the notice of removal. The notice of removal merely points out that Plaintiff has refused to stipulate that the amount in controversy does not exceed $75,000. A plaintiff's refusal to stipulate to damages does not, standing alone, provide a basis for this Court to exercise jurisdiction. The notice of removal contains no allegations regarding facts in controversy to support the conclusion that the amount in controversy exceeds $75,000.

Standard has submitted several affidavits in conjunction with its opposition to the motion to remand. The exhibits establish only that Plaintiff's policy limits exceed $75,000 but the petition does not suggest that Plaintiff is seeking to recover the policy limits. Finally, Exhibit B-3 is Standard's estimate of Plaintiff's damages. That estimate demonstrates that Standard believes that the damages to Plaintiff's property total well under $10,000.

In sum, Standard has failed to meet its burden of establishing that the amount in controversy exceeds $75,000.

Accordingly;

**IT IS ORDERED** that the **Motion to Remand and for Award of Attorney Fees (Rec. Doc. 5)** filed by plaintiff Alvin Hindelang should be and is hereby **GRANTED**. The request for attorney's fees is **DENIED**. This matter is **REMANDED** to the state court from which it was removed pursuant to 28 U.S.C. § 1447(c) for lack of subject

matter jurisdiction..

March 29, 2007

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE